UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>  )<br>   Plaintiff, )<br>  )<br> v. )<br>  )<br> ALL PROPERTY IN/UNDERLYING )<br> E-GOLD ACCOUNT NUMBER: )<br>  )<br> 3297330, )<br>  )<br>   Defendant. )<br>_____ ) | Civ. No. 07-01325 (RMC) |

**MOTION FOR ENTRY OF DEFAULT**
**JUDGMENT AND JUDGMENT OF FORFEITURE**

Plaintiff United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully moves for entry of Default Judgment and for a Judgment of Forfeiture as to the above-captioned defendant property identified in the Verified Complaint for Forfeiture *In Rem* on the ground that no timely paper, pleading, or other claim has been filed on behalf of the defendant property, and the Clerk of this Court has entered the Default on July 2, 2008. Plaintiff makes this motion pursuant to 18 U.S.C. § 983(a)(4)(A), Fed. R. Civ. P. 55, and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

A proposed Judgment of Forfeiture is submitted herewith, along with a Memorandum of Points and Authorities.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney
U.S. Attorney's Office
Criminal Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-307-0258
william.cowden@usdoj.gov

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 19th 2008 a copy of the foregoing Motion for Entry of Default Judgment and Judgment of Forfeiture, accompanying Memorandum, and Proposed Order of Forfeiture was sent (1) by mail to counsel of record (in Civ. A. No. 07-1325) for the operator of the e-Gold money transmitting operation and, where available, by (2) electronic mail or (3) the U.S. mail system to the address(es) that the person who appears to have opened the e-Gold accounts at issue in this case provided to the operator of the e-Gold money transmitting system (*see* Complaint, ¶4) prior to the seizure of the defendant property from that system.

/s/
WILLIAM R. COWDEN
Assistant United States Attorney

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,        ) | |
| )  | |
|         Plaintiff,        ) | Civ. No. 07-01325 (RMC) |
| )  | |
| v.        ) | |
| )  | |
| ALL PROPERTY IN/UNDERLYING        ) | |
| E-GOLD ACCOUNT NUMBER:        ) | |
| )  | |
| 3297330,        ) | |
| )  | |
|         Defendant.        ) | |
| )  | |

**MEMORANDUM IN SUPPORT OF MOTION FOR
DEFAULT JUDGMENT AND JUDGMENT OF FORFEITURE**

    1.    On July 24, 2007, Plaintiff filed a Verified Complaint for Forfeiture *In Rem* against the defendant, all property in/underlying e-gold account number: 3297330.[1] Copies of the Complaint and Warrant of Arrest *In Rem* issued by the Clerk of the Court were served upon the defendant property on October 11, 2007. (*See* Docket, Document 3.) Additionally, notice of the pending forfeiture case was provided as follows:

    a.    A Notice of Forfeiture with copies of the Complaint and Warrant of Arrest *In Rem* was sent to by electronic mail to the email address that the apparent account(s) holder(s) provided to the operators of the e-Gold system.[2]

    b.    A Notice of Forfeiture with copies of the Complaint and Warrant of Arrest *In Rem*

---

[1] Upon its conversion out of the e-Gold system, the defendant property in this case became $260,054.42 in U.S. currency.

[2] As indicated in the Complaint, the relevant e-Gold accounts appear to have been opened by an entity known as "e-gold invest.us.," and it appears that this entity operated only over the Internet. As a result, plaintiff is aware of no postal address to which notice could be mailed, so plaintiff gave formal direct notice by e-mail to the apparent account holder's e-mail address.

      was sent by mail to the operators of the e-Gold system.[3]

    c.    Further, a notice of seizure was published in THE WALL STREET JOURNAL on April 8th, 15th and 22nd of 2008, in full compliance with applicable Local Rules and the applicable Federal Rules of Civil Procedure, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. (*See* Exhibit 1.)

    2.    No response, answer, or defense was interposed in accordance with applicable rules, resulting in the entry of a Default by the Clerk of this Court on July 2, 2008. No other party has filed a claim or pleading to challenge the forfeiture of the defendant property, and the time for filing a claim has expired. *See* 18 U.S.C. § 983(a)(4)(A) (claims due within 30 days after service of government's complaint or completion of publication notice); Rule G(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions (verified claim deadline set within Notice of Forfeiture; deadline may occur 35 days after notice is sent and 30 days after publication notice completed).

    3.    The entry of Default and a Judgment by Default against the defendant property is amply supported in the circumstances of this case. Indeed, the Clerk of the Court "shall enter" the Default where there has been a failure to timely plead or otherwise defend an action within the time fixed by law. Fed. R. Civ. P. Rule 55(a). Moreover, the Civil Asset Forfeiture Reform Act of 2000, codified at 18 U.S.C. § 983(a)(4)(A), mandates the filing of a claim, by any person who seeks to defend against a forfeiture, within 30 days of the service of the government's forfeiture complaint and not later than 30 days after the date of final publication of notice of the forfeiture.

---

[3] Although the defendant property in this case was seized from their operation, as part of their plea of guilty to criminal charges, the operators of the e-Gold system have agreed not to contest this forfeiture.

4.	Further, whenever a judgment is sought for other than a sum certain (i.e. Judgment of Forfeiture), application for Judgment by Default shall be made to the Court and such Judgment may be entered by the Court so long as the defaulted party is not an infant or otherwise incompetent.  Fed. R. Civ. P. Rule 55(b); *see DirecTV, Inc. v. Arnold*, 392 F. Supp.2d 415 (N.D.N.Y. 2005).  *See also Canady, MD v. Erbe Elektromedizin GMBG*, 307 F. Supp.2d 2 (D.D.C. 2004); *United States v. Gant*, 268 F. Supp.2d 29 (D.D.C. 2003).

5.	Accordingly, upon consideration of the record in this case, including a showing of compliance with applicable rules regarding service of process and notice by publication, and the Default having been entered by the Clerk of the Court, it is respectfully requested that this motion for entry of a default judgment, and for an order (or judgment) forfeiting the defendant property to the United States, be granted.  A proposed Judgment of Forfeiture is attached.

<div style="margin-left: 50%;">
Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/
WILLIAM R. COWDEN, D.C. Bar #426301
Assistant United States Attorney
U.S. Attorney's Office
Criminal Division
555 Fourth St., N.W.
Washington, D.C.  20530
202-307-0258
william.cowden@usdoj.gov
</div>

# AFFIDAVIT

STATE OF TEXAS              )
                            ) ss:
CITY AND COUNTY OF DALLAS)

I, Erin McBrayer, being duly sworn, depose and say that I am the Advertising Clerk of the Publisher of THE WALL STREET JOURNAL, a daily national newspaper of general circulation throughout the United States, and that the Notice attached to this Affidavit has been regularly published in THE WALL STREET JOURNAL for national distribution for one insertion(s) on the following date(s): 4/8/08; advertiser: U.S. Secret Service.; and that the foregoing statements are true and correct to the best of my knowledge.



MITCHELL E. CHEATHAM
Notary Public, State of Texas
My Commission Expires
March 01, 2011

Sworn to before me this
8th day of April '08.

Notary Public

**Exhibit #1**
*U.S. v. All Property In/Underlying e-Gold*
Account Number: 3297330
Court No. 07-cv-1325 (RMC)

**LEGAL NOTICE**

NOTICE IS HEREBY GIVEN that by virtue of Warrants for Arrest In Rem issued by the U.S. District Court for the District of Columbia, in action entitled U.S. v. All Property in/underlying E-gold Account(s): 1141301 1142733, 1146912, 1338640, 1426358 and 817259 ($312,567.62); U.S. v. All Property in/underlying E-gold Account(s) 1063249 and 2633125 ($405,646.66); U.S. v. All Property in underlying E-gold Account(s): 1787970 ($137,219.65); U.S. v. Property in/underlying E-gold Account(s): 2447285 ($108,049.05 U.S. v. All Property in/underlying E-gold Account(s): 1359767 an 1424543 ($1,533,752.60); U.S. v. All Property in/underlying E-go Account(s): 1922141 ($521,795.46) and U.S. v. All Proper in/underlying E-gold Account(s): 3584940 ($339,323.40); and U.S v. All Property in/underlying E-gold Account(s): 3114779 ($201,422.64 agents of the United States Departments of the Treasury or Homelar Security seized the properties described above, on about April 27 2007, and thereafter arrested such properties in relation to the ci forfeiture actions filed and respectively numbered: 07-01344(RMC 07-01333(RMC); 07-01323(RMC); 07-01328(RMC); 07-01329(RMC 07-01330(RMC); 07-01348(RMC) and 07-01347(RMC)(actions file on about July 24, 2007), for violations of 18 U.S.C. §§981(a)(1 1956 and 1960. These civil forfeiture lawsuits request that th said properties be seized for condemnation and confiscation an request such costs and disbursement as decreed by the Court. Person entitled to possession, or claiming an interest in said properties mus pursuant to Rule G of the Supplemental Rules for Certain Admiral and Maritime Claims and Asset Forfeiture Actions and 18 U.S.C §983(a)(4)(A), within 30 days after the earlier of (1) receiving actu notice of the lawsuit or (2) the publication of this notice, file verifie claims with the Clerk of the Court, U.S. District Court for the Distric of Columbia, and serve same upon the attorney for plaintiff, and mus file and serve answers within 20 days after the filing of verified claims All interested persons must file claims and answers within the tim so fixed, or be defaulted, and said property be condemned and forfeite to the use of the United States of America. William R. Cowder Assistant United States Attorney, 555 Fourth Street, N.W., Washingto D.C., 20530.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**ALL PROPERTY IN/UNDERLYING** )<br>**E-GOLD ACCOUNT NUMBER:** )<br>)<br>**3297330,** )<br>)<br>**Defendant.** )<br>) | Civ. No. 07-01325 (RMC) |

## ORDER OF FORFEITURE

On July 24, 2007, a Verified Complaint for Forfeiture *In Rem* was filed by the plaintiff, United States of America, against the *in rem* defendant, all property in/underlying e-gold account number: 3297330.[1] The Complaint sought to enforce the provisions of 18. U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any property involved in a transaction or attempted transaction in violation of 18. U.S.C. §§ 1956 and 1960, or any property traceable to such property. The Complaint also sought to enforce the provision of 18. U.S.C. § 981(a)(1)(C), which provides for the forfeiture of property which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity" or a conspiracy to commit such offense.

It appearing that process was fully issued in this action with respect to the defendant property and returned according to law;

That pursuant to a Warrant of Arrest *in Rem* issued by this Court, agents of the United

---

[1] Upon its conversion out of the e-Gold system, the defendant property in this case became $260,054.42 in U.S. currency.

States Department of Treasury served the defendant property on October 11, 2007;

That on July 2, 2008, the Clerk of this Court entered a Default for failure to file a claim with respect to the said defendant property within the time permitted by 18 U.S.C. § 983(a)(4)(a) and Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions;

That no defense to the forfeiture remains interposed; and that a basis for the forfeiture exists as set forth in the Complaint;

Now, therefore, on motion of the plaintiff, the United States of America, for Default Judgment and Order of Forfeiture, it is hereby

**ORDERED, ADJUDGED, AND DECREED** that the default of all persons interested in the defendant property further identified as all property in/underlying e-gold account number: 3297330, be entered and that no right, title, or interest in the *in rem* defendant property shall exist in any other party, and that the said defendant property, now valued as $260,054.42 in United States currency, be and hereby is forfeited to the United States of America to be disposed of in accordance with law.

That the Clerk is hereby directed to send certified copies of this Order of Forfeiture to plaintiff's counsel of record.

Dated this _____ day of _____, 2008.

_____
ROSEMARY M. COLLYER
United States District Judge